Blackford, J.
This was an action of ejectment brought by the lessee of Purden Beachamp and Minerva his wife, formerly Minerva Bundy, against the appellant for a tract of land in Clay county. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the plaintiff.
One of the witnesses on the trial, in support of the suit., stated that three or four months before the trial, he saw in the defendant’s possession a patent to the said Minerva for the laud *152 described in the declaration; that he, the witness, had the patent in his hands and read it, and gave it bacheo the defendant. It was further proved, that the plaintiff had given a regular notice in writing to the defendant, a reasonable time before the trial, to produce at the trial the said patent to Minerva Bundy, one of the lessors, and now the wife of the other lessor, for the land in controversy.
The defendant having refused to produce the patent at the trial, the plaintiff undertook to prove the contents. He offered to introduce the county record book of deeds in which the patent was recorded, and to read the record of the patent. He proved by the recorder, that three or four years before the trial, an instrument purporting to be a patent from the United States to the said Minerva Bv/ndy, was handed to him, the witness, to be recorded preparatory to drawing *money from the sinking fund by the said Minerva or the defendant, (both being present); that the said copy was truly taken from the instrument handed to him, which was attested by the seal of the United States; and that the said copy on the record book was as follows: (The copy, showing the patent to be in the usual form, is here set out in the transcript.) This copy of the patent in the record book, sworn to on the trial as correct by the recorder, was objected to as evidence by the defendant; but the objection was overruled, and the evidence admitted.
The plaintiff proved that the land mentioned in the copy of the patent was the land described in the declaration; and that the said Minerva, one of the lessors, was the same person who is named in the patent, and that she was married to Beachamp, the other lessor. It was also proved by the witness who haw proved the patent to be in the defendant's possession, and who was again examined, that the copy in the record book was a true copy of the patent which he had read.
The consent rule required the defendant to confess on the trial the possession of the premises, as well as the lease, entry, and ouster: and it was therefore evidence of such possession ■as well as of the lease, &c.(1)
A. Kinney and 8. B. Goohins, for the appellant.
C. P. Hester, for the appellee.
This was all the evidence in the cause. The ground relied on for a reversal of this judgment is, that the copy of the patent was not legal evidence; but we do not think the objection sustainable. The original patent was in the defendant’s possession, and he refused, after regular notice, to produce it at. t he trial. That refusal would have excused the plaintiff from proving the execution of the patent, had he been otherwise required to do so. 1 Phill. Ev., 452. Rut extrinsic proof of the execution of such patent is in no case necessary in the first instance. Bowser et al. v. Warren, 4 Blackf., 522. The plaintiff had a right, under the circumstances, to prove the contents of the patent by secondary evidence. He offered a copy in evidence, and proved it to be correct by the person who made it. There could be no better secondary evidence of the contents of the patent. The defendant says that a certified copy from the records of the general land office should have been procured; but we do not think so. Such a copy would be admissible, Smith v. Mosier, 5 Blackf., 51, but it could not be better than the *other. It would be only a certified copy of a copy, whilst the one before us is proved by a witness in the cause to be a true copy of the original.
Whether the circumstance adverted to by the plaintiff, that the copy was read from the record book of the county, makes any difference, we have not examined. For the admissibility of the copy as evidence of the contents of the patent, we rely on the fact, that it was proved to be a true copy of the origi - nal, by a witness examined in the cause.
Per Curiam.—The judgment is affirmed with costs.

 Notwithstanding the terms of the consent rule, it was formerly holden necessary to prove the defendant in possession of the premises in dispute, and plaintiffs were frequently nonsuited on subtle points arising out of this practice, quite independent of the merits of the case. But by recent orders of the different Courts, the consent rule has been altered, so as to include-the confession of possession, as well as of lease, entry, and ouster, and no proof of possession is now required beyond the possession of the rule. Adams on .Eject., 276.